UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAN RISK RETENTION GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.1:21-cv-218 |
| | ) |
| BOTTOMS UP SCUBA INDY LLC, BOTTOMS UP SCUBA LLC, HARVEST TIME, INC., CLAYTON ST. JOHN, MICHAEL ELLIS, and GREG KISHBAUGH, Individually and as Personal Representative of the Estate of Donna Kishbaugh, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

The plaintiff, DAN Risk Retention Group, Inc. ("DAN"), for its Complaint against the defendants, Bottoms Up Scuba Indy LLC ("BUSI"), Bottoms Up Scuba LLC ("BUSLLC"), Harvest Time, Inc. ("Harvest"), Clayton St. John ("St. John"), Michael Ellis ("Michael"), and Greg Kishbaugh ("Kishbaugh"), individually and as personal representative of the Estate of Donna Kishbaugh ("Estate") (collectively, "Defendants"), states as follows:

Parties

1. DAN is a South Carolina corporation with its principal place of business in North Carolina, and is a citizen of North Carolina and South Carolina.

2. BUSI is an Indiana limited liability company with its principal place of business in Indiana, and its members are all citizens of Indiana.

3. BUSLLC is an Indiana limited liability company with its principal place of business in Florida, and its members are all citizens of Indiana.

US.130733482.01

4. Harvest is an Indiana corporation with its principal place of business in Indiana, and is a citizen of Indiana.

5. St. John is an individual who resides in Trafalgar, Indiana, is an employee of BUSI, and is a citizen of Indiana.

6. Michael is an individual who resides in Bargersville, Indiana, and is a citizen of Indiana.

7. Kishbaugh is an individual who resides in Westfield, Indiana, is a citizen of Indiana, and is the surviving husband of Donna Kishbaugh ("Donna") and personal representative of the Estate, which has been open in Hamilton Superior Court in Hamilton County, Indiana as case no. 29D01-2011-EU-000536 since on or about November 25, 2020.

## Venue, Jurisdiction, and Controversy

8. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and may enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and the insurance policies at issue were applied for, delivered, and requested to be performed, all Defendants are citizens of Indiana, and at least one of the Defendants resides in this judicial district.

## The Policies

10. DAN is a risk retention group that, among other things, offers insurance products to the recreational dive community, including scuba and other dive instructors and dive

shops. These insurance products include professional liability insurance policies for entities and individuals who hold credentials from an approved dive agency.

11. Subject to their specific terms and conditions and limits of liability, professional liability policies offered by DAN may provide coverage for sums that an insured party is required to pay as damages for bodily injury and/or property damage for claims arising from negligent acts, errors, or omissions in the rendering of or failure to render certain professional services by the insured. The policies at issue were professional liability policies.

12. DAN issued a professional liability policy to BUSI for the policy period of January 4, 2020 to January 4, 2021, policy number GPL106-12043 (the "BUSI Policy"). A true and accurate copy of the BUSI Policy is attached to this Complaint as Exhibit 1, and is incorporated by reference as if fully set forth herein.

13. DAN issued a professional liability policy to BUSLLC for the policy period of January 8, 2020 to January 8, 2021, policy number GPL106-12047 (the "BUSLLC Policy"). A true and accurate copy of the BUSLLC Policy is attached to this Complaint as Exhibit 2, and is incorporated by reference as if fully set forth herein.

14. DAN issued a professional liability policy to Michael for the policy period of October 15, 2020 to October 15, 2021, policy number PL107-60084 (the "Michael Policy"). A true and accurate copy of the Michael Policy is attached to this Complaint as Exhibit 3, and is incorporated by reference as if fully set forth herein.

15. An actual controversy exists concerning the BUSI Policy, BUSLLC Policy, and Michael Policy (collectively, the "Policies"). The controversy arises out of and relates to material misrepresentations that were made in applying for the Policies, the rescission of the Policies by DAN, the inapplicability of coverage under the Policies for an incident

involving St. John and BUSI that led to a wrongful death lawsuit by Kishbaugh ("Underlying Lawsuit"), and the rights, obligations, and interests of the parties with respect to the Policies.

16.  St. John was not identified on the schedule of BUSLLC's insured teaching staff in the BUSLLC Policy and has never been an employee of BUSLLC.

17.  Harvest is a stranger to the Policies. Harvest has never had coverage under the Policies, as an additional insured or otherwise, but has inquired through counsel as to whether it was named as an additional insured under the BUSI Policy. Harvest has been added as a defendant to answer as to its interests with respect to the Policies

18.  Kishbaugh, individually and as personal representative of the Estate, is a stranger to the Policies. Kishbaugh is the plaintiff in the Underlying Lawsuit that he has filed against BUSI, BUSLLC, and Harvest in Marion Superior Court in Marion County, Indiana, case no. 49D06-2012-CT-042405. Kishbaugh has been added as a defendant to answer as to his and/or the Estate's interests with respect to the Policies.

19.  In 2020, BUSI submitted an application for the BUSI Policy (the "BUSI Application"). A true and accurate copy of the BUSI Application is attached hereto as Exhibit 4, and is incorporated by reference as if fully set forth herein.

20.  BUSI was required in the BUSI Application to acknowledge, make, and confirm, and did acknowledge, make, and confirm, certain statements and representations in the Declaration Section including, among others, that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," that "failure to disclose any material facts, which would be likely to influence the acceptance and assessment of the Application, may result in the Underwriters refusing to provide

indemnity or cancelling the policy in every respect," and that "I hereby acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency and that coverage will only be effective as long as my professional membership is current or I am in training." Michael signed the BUSI Application.

21. In 2020, BUSLLC submitted an application for the BUSLLC Policy (the "BUSLLC Application"). A true and accurate copy of the BUSLLC Application is attached hereto as Exhibit 5, and is incorporated by reference as if fully set forth herein.

22. BUSLLC was required in the BUSLLC Application to acknowledge, make, and confirm, and did acknowledge, make, and confirm, certain statements and representations in the Declaration Section including, among others, that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," that "failure to disclose any material facts, which would be likely to influence the acceptance and assessment of the Application, may result in the Underwriters refusing to provide indemnity or cancelling the policy in every respect," and that "I hereby acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency and that coverage will only be effective as long as my professional membership is current or I am in training." Renata Ellis ("Renata") signed the BUSLLC Application.

23. On or about October 14, 2020, Michael submitted an application for the Michael Policy (the "Michael Application"). A true and accurate copy of the Michael Application is attached hereto as Exhibit 6, and is incorporated by reference as if fully set forth herein.

24. Michael was required in the Michael Application to acknowledge, make, and confirm, and did acknowledge, make, and confirm, certain statements and representations in the Declaration Section including, among others, that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," that "failure to disclose any material facts, which would be likely to influence the acceptance and assessment of the Application, may result in the Underwriters refusing to provide indemnity or cancelling the policy in every respect," and that "I acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency and that coverage will only be effective as long as my professional membership is current or I am in training." Michael signed the Michael Application.

25. Prior to the time that the BUSI Application, BUSLLC Application, and Michael Application (collectively, the "Applications") were submitted to DAN, BUSI, as well as Michael and Renata (together, the "Ellises"), had been removed and expelled from the Professional Association of Dive Instructors ("PADI"). Specifically, BUSI was expelled and removed from PADI in or around December 2018, Michael was expelled and removed from PADI in or around December 2018, and Renata was expelled and removed from PADI in or around January 2019 (collectively, the "PADI Expulsions").

26. PADI expelled and removed BUSI and the Ellises after PADI received reports that Michael had forged and submitted to PADI physicians' signatures on medical statements required for certain instructor candidates. After conducting an investigation into the reports, PADI concluded that Michael had been involved with multiple medical forms that PADI determined contained forged physicians' signatures. PADI also determined that Michael had

made false statements to PADI related to his, Renata's, and his sons' medical history forms. As a result of the investigation, PADI expelled and removed BUSI, Michael, and Renata.

27. The statements in the BUSI Application that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," and that "I hereby acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency," were false when Michael signed and submitted the BUSI Application.

28. The statements in the BUSLLC Application that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," and that "I hereby acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency," were false when Renata signed and submitted the BUSLLC Application.

29. The statements in the Michael Application that "all statements and particulars contained in the Application and any attachments are true and correct," that "no information whatsoever has been withheld that might increase the risk of the Underwriters or influence the acceptance of this Application," and that "I acknowledge and declare that I have never been suspended, annulled or removed from any dive instructor association or agency," were false when Michael signed and submitted the Michael Application.

30. When the Applications were submitted to and approved by DAN, DAN did not know of the PADI Expulsions, the falsity of the statements in the Applications, or the facts, accusations, or investigation that led to the PADI Expulsions, all of which were material to

DAN's decisions about whether to approve the Applications and issue the Policies. Had DAN known such information, it would not have approved either of the Applications or issued either of the Policies.

31. At the time the Applications were completed and submitted to DAN, BUSI, BUSLLC, and the Ellises knew about the PADI Expulsions, the falsity of the statements in the Applications, and the facts, accusations, and investigation that led to the PADI Expulsions.

32. Prior to completing and submitting the Applications, BUSI and the Ellises, as the plaintiffs, had filed an amended complaint in a lawsuit in Montgomery Superior Court in Montgomery County, Indiana, case no. 54D02-1905-CT-000561 (the "Defamation Lawsuit"), in which they alleged that the defendants in the Defamation Lawsuit had made false allegations about them that led to, among other things, the PADI Expulsions. A true and accurate copy of the amended complaint filed in the Defamation Lawsuit is attached hereto as Exhibit 7 and is incorporated by reference as if fully set forth herein.

33. After learning of the PADI Expulsions, and the facts, investigation, and accusations related thereto, DAN sent notice to BUSI on December 15, 2020 ("BUSI Rescission Notice") that the BUSI Policy was rescinded as of January 4, 2020 due to the material misrepresentations in the BUSI Application, and tendered a check to BUSI for all amounts that BUSI had caused to be paid for premiums, taxes, and related charges for the BUSI Policy during the policy period. A true and accurate copy of the BUSI Rescission Notice is attached hereto as Exhibit 8, and is incorporated by reference as if fully set forth herein.

34. After learning of the PADI Expulsions, and the facts, investigation, and accusations related thereto, DAN sent notice to BUSLLC on January 7, 2021 ("BUSLLC Rescission Notice"), that the BUSLLC Policy was rescinded as of January 8, 2020 due to the

material misrepresentations in the BUSLLC Application, and tendered a check to BUSLLC for all amounts that BUSLLC had caused to be paid for premiums, taxes, and related charges for the BUSLLC Policy during the policy period. A true and accurate copy of the BUSLLC Rescission Notice is attached hereto as Exhibit 9, and is incorporated by reference as if fully set forth herein.

35. After learning of the PADI Expulsions, and the facts, investigation, and accusations related thereto, DAN sent notice to Michael on January 15, 2021 ("Michael Rescission Notice"), that the Michael Policy was rescinded as of October 15, 2020 due to the material misrepresentations in the Michael Application, and tendered a check to Michael for all amounts that Michael had caused to be paid for premiums, taxes, and related charges for the Michael Policy during the policy period. A true and accurate copy of the Michael Rescission Notice is attached hereto as Exhibit 10, and is incorporated by reference as if fully set forth herein.

The Underlying Lawsuit

36. The Underlying Lawsuit was filed by Kishbaugh, individually and as personal representative of the Estate, on or about December 2, 2020 against BUSI, BUSLLC, and Harvest, and is pending in Marion Superior Court in Marion County, Indiana. A copy of the complaint Kishbaugh filed in the Underlying Lawsuit is attached hereto as Exhibit 11, and is incorporated by reference as if fully set forth herein.

37. Kishbaugh alleges in the Underlying Lawsuit that he, his wife, Donna, and their children contracted with "Bottoms Up" for scuba diving training, defining "Bottoms Up" as both BUSI and BUSLLC. Kishbaugh alleges in the Underlying Lawsuit that this contract was made at a dive shop located in Marion County, Indiana.

38. Kishbaugh alleges in the Underlying Lawsuit that on October 12, 2020, Donna was at a lake in Decatur County, Indiana known as "Dream Lake" to complete her final skills test to obtain her scuba diving certification, and that Dream Lake is on property owned by Harvest.

39. Kishbaugh alleges in the Underlying Lawsuit that St. John negligently provided instruction to Donna at Dream Lake and, as a result, that Donna died by drowning.

40. Kishbaugh alleges in the Underlying Lawsuit that "Bottoms Up" is liable for St. John's actions and that Harvest is liable as premises owner, maintainer, controller, and operator of Dream Lake. Kishbaugh seeks unspecified damages in the Underlying Lawsuit from BUSI, BUSLLC, and Harvest.

41. All conditions precedent to all of DAN's claims have been performed, have occurred, or have been excused.

## COUNT I: DECLARATORY JUDGMENT REGARDING BUSI POLICY

42. DAN incorporates the allegations of the preceding paragraphs 1-41 of this Complaint as if fully set forth herein.

43. BUSI made material misrepresentations in the BUSI Application.

44. If BUSI had not made such material misrepresentations, DAN would not have approved the BUSI Application or issued the BUSI Policy.

45. DAN has tendered to BUSI a full refund of all premiums and related costs that BUSI caused to be paid with respect to the BUSI Policy.

46. DAN's rescission of the BUSI Policy was valid and effective, the BUSI Policy is void, neither BUSI nor any other person or entity has any rights under the BUSI Policy, and DAN has no obligations under the BUSI Policy.

47. Because DAN's rescission of the BUSI Policy was valid and effective, DAN has no duty to defend or indemnify BUSI, St. John, Harvest, and/or any other person or entity under the BUSI Policy, in connection with the Underlying Lawsuit or otherwise.

### COUNT II: DECLARATORY JUDGMENT REGARDING BUSLLC POLICY

48. DAN incorporates the allegations of the preceding paragraphs 1-41 of this Complaint as if fully set forth herein.

49. BUSLLC made material misrepresentations in the BUSLLC Application.

50. If BUSLLC had not made such material misrepresentations, DAN would not have approved the BUSLLC Application or issued the BUSLLC Policy.

51. DAN has tendered to BUSLLC a full refund of all premiums and related costs that BUSLLC caused to be paid with respect to the BUSLLC Policy.

52. DAN's rescission of the BUSLLC Policy was valid and effective, the BUSLLC Policy is void, neither BUSLLC nor any other person or entity has any rights under the BUSLLC Policy, and DAN has no obligations under the BUSLLC Policy.

53. Because DAN's rescission of the BUSLLC Policy was valid and effective, DAN has no duty to defend or indemnify BUSLLC, St. John, Harvest, and/or any other person or entity under the BUSLLC Policy, in connection with the Underlying Lawsuit or otherwise.

54. BUSLLC has not provided notice to DAN that it was named as a defendant in the Underlying Lawsuit or sought coverage under the BUSLLC Policy with respect to the Underlying Lawsuit.

55. Even if DAN had not validly rescinded the BUSLLC Policy, and BUSLLC had made a claim for coverage under the BUSLLC Policy in relation to the Underlying

Lawsuit, DAN would have no duty to defend or indemnify BUSLLC with respect to the Underlying Lawsuit.

56. Subject to all of its terms and conditions, the BUSLLC Policy would potentially provide coverage only for certain claims arising from a negligent act, error, or omission in the rendering of or failure to render certain "Professional Services," as that term is defined in the BUSLLC Policy. Such "Professional Services" include only certain acts, errors, or omissions provided by an "Insured," as that term is defined in the BUSLLC Policy.

57. The complaint in the Underlying Lawsuit alleges that St. John provided negligent instruction that resulted in Donna's death. St. John was providing instruction to Donna when the incident that resulted in her death occurred.

58. St. John was not identified as the "Named Insured" on the BUSLLC Policy's Declarations Page, was not a member of BUSLLC's scheduled teaching staff under the BUSLLC Policy, and was not otherwise an "Insured" under the BUSLLC Policy as that term is defined in the BUSLLC Policy.

COUNT III: DECLARATORY JUDGMENT REGARDING MICHAEL POLICY

59. DAN incorporates the allegations of the preceding paragraphs 1-41 of this Complaint as if fully set forth herein.

60. Michael made material misrepresentations in the Michael Application.

61. If Michael had not made such material misrepresentations, DAN would not have approved the Michael Application or issued the Michael Policy.

62. DAN has tendered to Michael a full refund of all premiums and related costs that Michael caused to be paid with respect to the Michael Policy.

63. DAN's rescission of the Michael Policy was valid and effective, the Michael Policy is void, neither Michael nor any other person or entity has any rights under the Michael Policy, and DAN has no obligations under the Michael Policy.

64. Because DAN's rescission of the Michael Policy was valid and effective, DAN has no duty to defend or indemnify Michael, and/or any other person or entity under the Michael Policy, in connection with the Underlying Lawsuit or otherwise.

65. Michael has not provided notice to DAN that he was named as a defendant in the Underlying Lawsuit or sought coverage under the Michael Policy with respect to the Underlying Lawsuit.

66. Even if DAN had not validly rescinded the Michael Policy, and Michael had made a claim for coverage under the Michael Policy in relation to the Underlying Lawsuit, DAN would have no duty to defend or indemnify Michael with respect to the Underlying Lawsuit.

67. Subject to all of its terms and conditions, the Michael Policy would not provide coverage relating to an "Event" that occurred and/or was known to Michael prior to the "Policy Period," as those terms are defined in the Michael Policy, and/or if prior to the Michael Policy's effective date, Michael had a reasonable basis to foresee that a claim would be made against him relating to such an "Event."

68. Michael represented in the Michael Application that he had "no knowledge of any incident, accident, occurrence, act, error, or omission . .. that might lead to, or has already led to, a legal action or claim except those matters already reported to DAN Services, Inc.," and stated that he understood "this policy does not cover any Event known on or before the effective date of this coverage."

69. At the time that Michael submitted the Michael Application on October 14, 2020, Michael knew of the incident that gave rise to the Underlying Lawsuit, which occurred on October 12, 2020. The incident that gave rise to the Underlying Lawsuit was an incident, accident, occurrence, act, error, or omission that might lead to a legal action or claim, and Michael had a reasonable basis to foresee that a claim would be made against him as a result of such incident.

70. Subject to all of its terms and conditions, the Michael Policy would potentially provide coverage only for certain claims arising from a negligent act, error, or omission in the rendering of or failure to render certain "Professional Services," as that term is defined in the Michael Policy. Such "Professional Services" include only certain acts, errors, or omissions provided by an "Insured," as that term is defined in the Michael Policy.

71. St. John was not identified as the "Named Insured" on the Michael Policy's Declarations Page, and was not otherwise an "Insured" under the Michael Policy, as that term is defined in the Michael Policy.

WHEREFORE, DAN requests judgment in its favor and against Defendants as follows: (a) a declaratory judgment that the BUSI Policy is void and that DAN has no duty to defend or indemnify BUSI, St. John, Harvest, and/or any other person or entity, in connection with the Underlying Lawsuit or otherwise; (b) a declaratory judgment that the BUSLLC Policy is void and that DAN has no duty to defend or indemnify BUSLLC, St. John, Harvest, and/or any other person or entity, in connection with the Underlying Lawsuit or otherwise; (c) a declaratory judgment that the Michael Policy is void and that DAN has no duty to defend or indemnify Michael, St. John, Harvest, and/or any other person or entity, in connection with the Underlying

Lawsuit or otherwise; (d) awarding DAN the costs of this action; and (e) awarding DAN all other relief to which it is entitled.

                                      FAEGRE DRINKER BIDDLE & REATH LLP

                                      /s/ *Daniel R. Roy*
                                      Daniel R. Roy (# 21806-53)
                                      Matthew E. Burkhart (# 31916-06)
                                      Andrew D. Dettmer (#35202-49)
                                      300 North Meridian Street, Suite 2500
                                      Indianapolis, IN  46204
                                      Telephone:  317-237-0300
                                      Fax:  317-237-1000
                                      daniel.roy@faegredrinker.com
                                      matthew.burkhart@faegredrinker.com
                                      andrew.dettmer@faegredrinker.com

                                      *Attorneys for Plaintiff*