UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAN RISK RETENTION GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00218-TWP-MJD |
| ) | |
| BOTTOMS UP SCUBA INDY LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ） | |
| MICHAEL ELLIS, ) | |
| ) | |
| Counter Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| DAN RISK RETENTION GROUP, INC., ) | |
| ) | |
| Counter Defendant. ) | |
| ) | |
| MICHAEL ELLIS, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PADI WORLDWIDE CORP., ) | |
| ) | |
| Third Party Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Third-Party Defendant PADI Worldwide Corp.'s Motion to Dismiss. [Dkt. 57.] On October 4, 2021, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a Report and Recommendation regarding the

disposition of the motion pursuant to 18 U.S.C. § 636(b)(1)(B). [Dkt. 96.] For the reasons set forth below, the Magistrate Judge recommends that the motion be **GRANTED**.

## I. Background

Plaintiff DAN Risk Retention Group, Inc., ("DAN") provides professional liability insurance policies to scuba and other dive instructors and dive shops. [Dkt. 1 at 2-3.] In 2020, DAN issued three such policies to Defendant/Third-Party Plaintiff Michael Ellis and to his businesses Bottoms Up Scuba, LLC ("BUS") and Bottoms Up Scuba Indy LLC, ("BUSI"). [Dkt. 1 at 3.]

On October 12, 2020, BUS/BUSI student Donna Kishbaugh died while completing a skills test in order to obtain her scuba diving certification. [Dkt. 1-14 at 4-5.] Her surviving husband, Greg Kishbaugh, filed a wrongful death suit against BUS and BUSI in the Marion County Superior Court on December 2, 2020 (the "Underlying Action"). [Dkt. 1-14.]

DAN rescinded BUSI, BUS, and Ellis' policies on December 15, 2020, [Dkt. 1-11], January 7, 2021, [Dkt. 1-12], and January 15, 2021, [Dkt. 1-13], respectively. On January 27, 2021, DAN filed suit against BUSI, BUS, and Ellis, among other defendants, alleging that they made material misrepresentations in applying for their professional liability policies. [Dkt. 1.] Specifically, DAN claims that BUSI and Ellis did not disclose on their applications that they had been expelled from the Professional Association of Dive Instructors ("PADI") in December 2018 for forging and submitting "physicians' signatures on medical statements required for certain instructor candidates." [Dkt. 1 at 6.] Because of this, DAN seeks a declaratory judgment that BUS, BUSI, and Ellis' policies were void and properly rescinded and, as such, DAN has no duty to defend or indemnify in the Underlying Action. [Dkt. 30 at 3.]

On April 1, 2021, BUS, BUSI, and Ellis, as Third-Party Plaintiffs, filed a Counterclaim against DAN and a Third-Party Claim impleading PADI as a Third-Party Defendant. [Dkt. 22.] On October 4, 2021, default was entered against BUS and BUSI for failure to plead or otherwise defend the action pursuant to Federal Rule of Civil Procedure 55(a) and their third-party claims were dismissed for failure to prosecute, leaving Ellis as the sole Third-Party Plaintiff. [Dkt. 99.]

On June 15, 2021, PADI filed the instant Motion to Dismiss Ellis' Third-Party Claim, arguing that "PADI cannot be secondarily liable for the claims asserted against [Ellis] by [DAN]" under the Federal Rules of Civil Procedure. [1] [Dkt. 57.] DAN filed a Response in Support of PADI's motion on June 29, 2021, agreeing that, "because DAN seeks a declaratory judgment against [Ellis], there is nothing for which PADI could be secondarily liable, and joinder under Rule 14(a) is improper." [Dkt. 63.] Ellis has not opposed PADI's Motion to Dismiss.[2]

## II. Discussion

PADI moves to dismiss Ellis' Third-Party Claim based on the misapplication of Federal Rule of Civil Procedure 14, which provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third-party defendant's liability must be

---

[1] Initially, Harvest Time, Inc., and Clayton St. John were also named as defendants. [Dkt. 1.] DAN's claims against Harvest Time, Inc., were dismissed with prejudice on September 20, 2021. [Dkt. 93.] Default was entered against Clayton St. John on October 4, 2021. [Dkt. 97.] Additionally, Greg Kishbaugh, individually and as personal representative of the Estate of Donna Kishbaugh, was "added as a defendant to answer as to his and/or the Estate's interests with respect to the Policies." [Dkt. 1 at 4.]

[2] In the Southern District of Indiana, "[t]he court may summarily rule on a motion if an opposing party does not file a response within the deadline" provided by the local rules. Southern Dist. Ind. Local R. 7-1(c)(5).

derivative of the impleading party's liability," meaning that it must be "dependent on the determination of liability in the original action." *Beale v. Revolution Portfolio, LLC*, 2009 WL 1285527, at *2 (N.D. Ill. May 7, 2009) (citing *U.S. General, Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979)). As this Court has previously explained, "[i]t is not enough that the third-party claim arises out of the same occurrence or transaction as the original cause of action." *Anthony v. Progressive Leasing*, 2020 WL 3270313, at *2 (S.D. Ind. June 16, 2020) (referencing *U.S. General, Inc.*, 598 F.2d at 1053).

Here, PADI argues that Ellis fails to satisfy Rule 14(a)'s secondary liability requirement on the following grounds:

> There is no claim that [] PADI would be secondarily liable to [Ellis] in the event they are found liable to DAN. This is because DAN is not seeking to hold [Ellis] liable in the first place. DAN is not seeking any damages from [Ellis]. Rather, DAN is seeking a declaratory action as to insurance coverage. Since [Ellis] cannot be liable to DAN for damages, PADI cannot be secondarily liable. Indeed, the allegations against PADI are wholly independent as to the issues and the legal question presented in DAN's declaratory action against [Ellis]. That is, whether PADI breached its contract or was otherwise negligent in expelling [Ellis] from membership is inconsequential as to whether [Ellis] made material misrepresentations of then existing facts on insurance applications to DAN.

[Dkt. 58 at 3-4.] Indeed, even DAN urges the Court to dismiss Ellis' Third-Party Claim because "DAN does not seek to impose liability on [Ellis]" and so Ellis has "nothing for which [he] could hold PADI secondarily liable." [Dkt. 63 at 3.]

The Court agrees. Because DAN's original action against Ellis seeks a declaratory judgment and not damages, Ellis cannot be liable to DAN and thus PADI cannot be secondarily liable. Without the prospect of secondary liability, Ellis may not implead PADI under Rule 14. Accordingly, Ellis' Third-Party Claim against PADI must be dismissed.[3]

---

[3] This ruling does not address Ellis' Counterclaim against DAN, which is set forth in the same pleading as the third-party claim at issue.

### III.  Conclusion

For the reasons set forth above, the undersigned Magistrate Judge recommends that PADI's Motion to Dismiss, [Dkt. 57], be **GRANTED** with respect to Ellis' Third-Party Claim against PADI and that claim be dismissed with prejudice.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to timely file objections within 14 days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  18 OCT 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.


BOTTOMS UP SCUBA INDY LLC
c/o MICHAEL ELLIS
286 Fields Terrace SE
Port Charlotte, FL 33952


BOTTOMS UP SCUBA LLC
c/o MICHAEL ELLIS
286 Fields Terrace SE
Port Charlotte, FL 33952


MICHAEL ELLIS
286 Fields Terrace SE
Port Charlotte, FL 33952